# *United States District Court*

_____SOUTHERN_____ DISTRICT OF _____FLORIDA_____

FILED by ___ D.C.
JUL 20 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

UNITED STATES OF AMERICA

V.

Courtney Marks

CRIMINAL COMPLAINT

CASE NUMBER: $00-4181-SNOW$

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about _____July 19, 2000_____, in _____Broward_____ county, in the _____Southern_____ District of _____Florida_____ the defendant, knowingly and intentionally was about to transport more than $10,000 in U.S. Currency at one time from a place in the United States without filing a Report of International Transportation of Currency (Customs Form 4790), in violation of Title _31_, United States Code, Sections __5316 and 5322__

I further state that I am a <u>Special Agent</u> and that this complaint is based on the following facts:

See Attached Affidavit.

_Signature_
Signature of Complainant
Richard Jolles, Special Agent
United States Customs Service

Sworn to before me, and subscribed in my presence,

July 20, 2000
Date

at <u>Fort Lauderdale,, Florida</u>
City and State

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer

_Lurana S. Snow_
Signature of Judicial Officer

## AFFIDAVIT

I, Richard A. Jolles, being duly sworn, do hereby depose and state the following:

1. I am employed as a Special Agent with the United States Customs Service ("Customs"), United States Department of the Treasury, Ft. Lauderdale, Florida, and have been so employed since February, 1998. Formerly, I was employed as an officer of the U.S. Immigration and Naturalization Service; 1 ½ years as a U.S. Border Patrol Agent and two years as an INS Adjudications Officer. I am currently assigned to the South Broward Drug Enforcement Unit, a multi-agency task force involved in the investigation of narcotics smuggling and money laundering. I have received training and been assigned to conduct investigations of criminal violations of the United States Code as enumerated in Titles 18, 19, 21, 22, 31 and various other federal statutes. The following information is based upon my personal knowledge and that of my fellow agents and Customs Inspectors.

2. On July 19, 2000, Courtney H. MARKS checked two pieces of luggage onto Air Jamaica flight #86 to Kingston, Jamaica from Ft. Lauderdale/Hollywood International Airport, Ft. Lauderdale, FL.

3. On July 19, 2000, Paulette Ramdas HAYE also checked two pieces of luggage onto Air Jamaica flight #86 to Kingston, Jamaica from Ft. Lauderdale/Hollywood International Airport, Ft. Lauderdale, FL.

4. U.S. Customs Inspectors who were x-raying the checked baggage for Flight #86 discovered a large amount of United States currency secreted inside of the baggage checked by MARKS and HAYE. Two of the suspect pieces were checked by passenger MARKS and one was checked by passenger HAYE. A total of seven packages were discovered, all wrapped in black tape and concealed within clothing and bed linens inside of the baggage.

5. The total amount of U.S. currency discovered concealed within the subjects' luggage was $249,756.00.

6.   As MARKS entered the jetway to board Air Jamaica Flight #86 to Kingston, Jamaica, he was advised by Customs Inspectors both orally and in writing (Publication 503 Currency Reporting), of the U.S. currency reporting requirements that he must file a Customs Form 4790 if he is transporting more than $10,000 outside the United States.

7.   MARKS stated that he understood the reporting requirements and that he did not have $10,000.00 or more in his possession. MARKS further stated that he was only carrying about $1,200.00 in U.S. currency and had no further currency or monetary instruments in his possession. MARKS also stated that all items in his baggage belonged to him. Furthermore, that he packed his own bags, and that he was not transporting any other items for anyone else.

8.   Passenger HAYE was approached after she had already boarded the aircraft bound for Kingston, Jamaica. HAYE was advised by Customs Inspectors both orally and in writing (Publication 503 Currency Reporting), of the U.S. currency reporting requirements.

9.   HAYE stated that she understood the reporting requirements and that she was in possession of more than $10,000.00. HAYE further stated that she was unaware of the exact amount of currency she was carrying. HAYE also stated that she was transporting items in her baggage that were given to her by someone else.

10.  HAYE was advised of her <u>Miranda</u> rights and she waived them. During her interview she stated to agents that passenger MARKS asked her to transport an undisclosed amount of U.S. currency back to Jamaica for him. HAYE stated that MARKS indicated that if he were to carry all of the money himself it might cause him trouble. HAYE stated that she concealed the currency in a bedspread within her luggage because she did not want anyone to steal it.

11.  MARKS was advised of his <u>Miranda</u> rights and he waived them. During his interview he stated to agents that an unknown individual delivered the packages of currency to him at a café in Miami, FL. MARKS stated that he was to deliver the currency to his brother, Martin MARKS, in Jamaica. MARKS indicated that his brothers Howard and Martin own a vehicle business for which

subject MARKS also works. MARKS stated that he assumed the money was to be used for the purchase of automobiles, but he was unsure. MARKS stated that he asked HAYE to carry some of the money so as not to attract the attention of dishonest baggage handlers who may have an interest to steal it.

12. No Report of International Transportation of Currency or Monetary Instrument, Customs Form 4790, is on file in the name of either Courtney MARKS or Paulette Ramdas HAYE.

13. WHEREFORE, there is probable cause to believe that Courtney H. MARKS did knowingly and intentionally attempt to export over $10,000.00 in United States currency, and failed to file a Report of International Transportation of Currency or Monetary Instruments with the U.S. Customs Service, in violation of Title 31, United States Code, Sections 5316 and 5322.

FURTHER YOUR AFFIANT SAYETH NAUGHT

*[signature]*
RICHARD A. JOLLES, SPECIAL AGENT
UNITED STATES CUSTOMS SERVICE

Sworn to before me this
20th day of July, 2000.

*[signature]*
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE