UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA



| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 00-6204-CR-ZLOCH |
| | ) | Magistrate Judge Seltzer |
| v. | ) | |
| COURTNEY MARKS, | ) | |
| Defendant. | ) | **GOVERNMENT'S RESPONSE TO** |
| | ) | **THE STANDING DISCOVERY ORDER** |

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

A. 1. The government is unaware of any recorded statements made by the defendant. A written affidavit of the defendant is attached.

2. That portion of the written record containing the substance of any oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent is attached.

3. No defendant testified before the Grand Jury.

4. The NCIC record of the defendant is attached.

5. Books, papers, documents, photographs, tangible



        objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 500 E. Broward Blvd., 7th floor, Fort Lauderdale, Florida. Please call the undersigned to set up a date and time that is convenient to both parties.

        The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

6.   There were no physical or mental examinations or scientific tests or experiments made in connection with this case.

B.   DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.   The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

D.   The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of <u>Giglio v. United States</u>, 405 U.S. 150 (1972), or <u>Napue v. Illinois</u>, 360 U.S. 264 (1959).

E.   The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F.   No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G.   The government has advised its agents and officers involved in this case to preserve all rough notes.

2

H.  The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I.  The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.  The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.  No contraband is involved in this indictment.

L.  The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M.  The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N.  To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O.  The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, <u>Brady</u>, <u>Giglio</u>, <u>Napue</u>, and the obligation to assure a fair trial.

3

The attachments to this response are numbered pages <u>1</u> - <u>311</u>. Please contact the undersigned Assistant United States Attorney if any pages are missing.

                            Respectfully submitted,

                            GUY LEWIS
                            UNITED STATES ATTORNEY

By:    _____
        JEFFREY N. KAPLAN
        Assistant United States Attorney
        Florida Bar No. 05500030
        500 E. Broward Blvd., 7th Floor
        Fort Lauderdale, Florida 33394
        Tel: (954) 356-7255x3515
        Fax: (954) 356-7228

cc: Special Agent Richard Jolles
    US Customs

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail on August 15, 2000 to: Lawrence Kerr, Esq., 1401 Brickell Avenue, Suite 700, Miami, Florida 33131.

                            _____
                            JEFFREY N. KAPLAN
                            Assistant United States Attorney